ACCEPTED
06-14-00056-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/12/2015 2:08:01 PM
DEBBIE AUTREY
CLERK

## NO. 06-14-00056-CR

### IN THE COURT OF APPEALS
### SIXTH APPELLATE DISTRICT AT
### TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/12/2015 2:08:01 PM
DEBBIE AUTREY
Clerk

### GARY MOORE,

**Appellant,**

#### vs.

### THE STATE OF TEXAS,

**Appellee.**

On Appeal from 296th District Court, Collin County, Texas
Trial Court Cause No. 296-81210-2013
[Transferred from Fifth District Court of Appeals, Dallas, Texas]
[Cause No. 05-14-00342-CR]

### MOTION FOR REHEARING

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

Appellant GARY MOORE respectfully makes and files this motion for rehearing in due time, manner and form, and for same shows as follows:

#### I.

Appellant filed this appeal from his conviction for third-offender theft wherein Appellant was sentenced to five years in prison for the alleged theft of less than $700 worth of property that was moved about in a shopping cart inside a Walmart store but which was not removed from the premises.

**MOTION FOR REHEARING - PAGE 1**

## II.

Appellant's conviction was affirmed in a memorandum opinion issued by this Court on February 25, 2015. This motion for rehearing is timely filed on or before 15 days after the date the Court of Appeals memorandum opinion was issued and seeks reconsideration of the Court's decision in this matter.

## III.

The relief requested is a rehearing and issuance of a new opinion reversing the trial court's judgment.

## IV.

The points relied on for rehearing are as follows:

A.     The evidence is not sufficient to show that Appellant unlawfully appropriated the property or that he did so with the requisite intent.

B.     The memorandum opinion relies on evidence to support the jury's verdict that is incompetent and/or irrelevant as concerns these issues.

C.     The evidence is not sufficient to support both jurisdictional paragraphs for purposes of conviction of third-offender theft  or two prior felony non-theft enhancement convictions for purposes of sentencing as a second degree felony.

D.     Egregious error resulted from the combined effect of the errors in the charging instrument, jury charge, plea papers and final judgment of sentence and

conviction and the variances amongst those instruments and with the proof at the guilt innocence and punishment phases of trial.

E.    The memorandum opinion's reliance on waiver appears misplaced in light of the combined effects of these variances all of which resulted in the unlawful conviction and sentencing of Appellant for a second degree felony in what amounts to nothing more than a misdemeanor shoplifting case with insufficient evidence of unlawful appropriation, intent and at least one of the jurisdictional paragraphs and/or one or more prior enhancement convictions.

V.

**Regarding Point A.**    The memorandum opinion concludes "that the evidence was sufficient for the jury to find that [Appellant] unlawfully appropriated the property with the requisite intent."    Memorandum Opinion, p. 8.    This conclusion does not appear to take into account the trial court's comment that it was a "close call" whether the state proved its case, the key witness's admission that there was no evidence of concealment, the reporting officer's admission that anyone going from inside the store to the garden center during the day or night would pass all points of sales and the state admitted during closing argument that Appellant's actions were consistent with someone out Christmas shopping.

The memorandum opinion comments that the Appellant's sufficiency challenge

was as to the mens rea element only and begins the discussion of the sufficiency ground with the observation, "Moore argues that the evidence is legally insufficient to prove that he intentionally or knowingly stole the merchandise." Memorandum Opinion, p. 4. While Appellant's sufficiency challenge did focus on intent it was broader in scope and encompasses the unlawful appropriate element as well. Indeed, Appellant's first point of error was worded as follows:

**POINT OF ERROR 1, RESTATED**
**The evidence is not sufficient to show that Appellant intentionally or knowingly appropriated, acquired or otherwise exercised control over the DVD players with the intent to deprive Wal-Mart of the DVD players.**

Appellant's Brief, p. 11.

It is true that Appellant's argument in support this ground begins and ends with discussion of the intent element but it also includes argument to the effect that the state's evidence is insufficient to show unlawful appropriation. For example, Appellant's brief discusses that Appellant's actions in moving about the store and then leaving the merchandise in the cart is consistent with normal (as opposed to unlawful) conduct:

> How many of us have gone into a store, started loading merchandise in a shopping basket only to not find everything that we intended to purchase and left the shopping basket and the store without making a purchase? *This is normal conduct*. Moreover, the video clips do not show the nervous constant looking around that was described by Aroche

but appear to depict normal conduct consistent with shopping, not shop-lifting.

*The State admits as much in its closing argument*. For example, Aroche suggested the number of DVD players selected by Appellant was suspicious but the State admitted in its closing argument that this could also be consistent with shopping for Christmas gifts. [Emphasis added.]

> *So how would a reasonable, normal person shop if they are going Christmas shopping? Well, they might go and select a bunch of portable DVD players. I guess those could be Christmas gifts for people.*

RR5 13;

> *As I said, you might sit there and load up your cart with portable DVD players. They could be Christmas gifts. That's plausible, certainly, that that would occur.*

RR5 15.

Appellant's Brief, p. 15.

Thus, while Appellant's argument in support of his sufficiency ground may have focused on intent, Appellant also questioned whether the state's evidence is sufficient to show unlawful appropriation, though perhaps said question may not have not have been specifically argued or articulated as such. Thus, possibly leading to a lack of discussion of that element by this Court in its memorandum opinion. In any event, rehearing should, at a minimum, be granted to address this element in greater detail, and because the evidence of intent is insufficient as well.

**Regarding Point B.** The memorandum opinion states, "Based on the video surveillance and Aroche's and Norton's testimony, the jury could determine that Moore's actions demonstrated his intent to deprive Walmart of the merchandise in the cart." Id. Appellant respectfully submits, however, that the video surveillance, and more particularly, Norton's testimony is not competent or relevant to show unlawful appropriation or intent.

At most, the surveillance video showed nothing more than a man shopping for Christmas presents. There is nothing unlawful about moving merchandise about a store while Christmas shopping, or for that matter, changing one's mind and leaving the store without putting the merchandise back on the shelf. Particularly when, as here, the state's key witness admitted there was no attempt to conceal the merchandise.

Norton's testimony cannot be relied on to support the jury's verdict because he did not observe Appellant's actions in the store (or watch the surveillance film) and had no personal knowledge of Appellant's actions but relied solely on what he was told by Aroche in making the decision to arrest Appellant. Likewise, the videotape cannot be relied on to support the jury's verdict because it is incomplete, of poor quality and does not show the furtive or suspicious actions described by Aroche (e.g., constantly looking over his should, taking merchandise from the shelves without

looking first, go directly to an emergency exit). No where on the surveillance tapes does it appear that Appellant is looking over his shoulder or at Walmart personnel.

**Regarding Points C, D and E**: The evidence is not sufficient to support both jurisdictional paragraphs for purposes of conviction of third-offender theft or two prior felony non-theft enhancement convictions for purposes of sentencing as a second degree felony. Regarding the jurisdictional paragraphs, the state recognized that is proof of same was at variance with the indictment as is made clear by the fact the state asked to amend the indictment. The trial court granted this request. Such grant was clearly error but the memorandum opinion disregards same by saying the amendment was never made. However, the memorandum opinion also finds that Appellant was not harmed by the variances between the plea papers, judgment of sentence and conviction, evidence at trial and the indictment, and more specifically, by the error in the indictment because he was not surprised by same.

But you cannot have it both ways. Either the state failed to prove the second of the two jurisdictional convictions, and thus, Appellant is not guilty of third-offender theft, or the indictment was amended as requested by the state, and thus, Appellant would be entitled to a reversal on that ground because Appellant objected to the amendment. The second jurisdictional prior theft conviction alleged in the original indictment was of a non-existent case due to the state's admitted error in

describing the second conviction. The memorandum opinion relies on Appellant's supposed plea of true to that paragraph in finding that the variance between the indictment and the state's evidence of Appellant's prior convictions did not result in harm. But the fact remains that the original indictment did not identify two convictions but included a description of a non-existent conviction. No plea of true can change that fact. There simply is no such case, not as described in the original indictment.

Now, if what was actually read at trial was the amended indictment, correctly describing the second conviction, then that might present a different matter as far as Appellant's plea of true possibly waiving any variance with the state's evidence of his prior theft convictions or resulting from the inappropriate references to those convictions during the trial and in the charge on guilt innocence. But then that would mean the indictment was indeed amended as requested, in which case, error occurred and the trial court's judgment should be reversed.

In any event, the evidence is not sufficient to prove both jurisdictional paragraphs, and thus, Appellant's conviction for third-offender theft should be reversed. Likewise, Appellant's enhancement to and sentencing as a second degree felon is not supported by the evidence and/or was otherwise made improper by the variances identified in Appellant's original brief on appeal. Again, it is unclear which

of the prior convictions was actually proved or pleaded to and whether there were, in fact, the plea or evidence actually included two prior non-theft felony convictions. Without proof of two prior non-theft felony convictions, the trial court would not have jurisdiction to sentence Appellant to five years in prison or, for that matter, to enforce the so-called plea bargain agreement or waiver of appeal as to punishment.

In summary, Appellant once again respectfully submits that egregious harm resulted from these errors and requires that Appellant's third-offender theft conviction and/or sentence therefor should be reversed.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, there being reversible error appearing in the record of the trial of this case, Appellant moves the Court to grant this motion for rehearing and to reconsider Appellant's grounds of error, from his brief and as re-urged herein, reverse his conviction and/or sentence, and remand this cause to the trial court with an order to enter a judgment of acquittal or for further proceedings and/or grant such other relief, both general and specific, at law and in equity, for which Appellant is justly entitled and for which he will ever pray.

Respectfully submitted:

**WM. RANDELL JOHNSON**
P.O. BOX 260080
PLANO, TX 75026
VOICE: 972/769-7200
FAX: 972/758.9783


 */s/ Wm. Randell Johnson*
**WM. RANDELL JOHNSON**
SBOT NO: 10805450
wrjlaw@aol.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

In accordance with TEX. R. APP. PROC. 9.4(i)(3), the undersigned counsel certifies that this document contains 2100 words or less as measured by the word count feature of the computer program used to prepare the document.

 */s/ Wm. Randell Johnson*
Wm. Randell Johnson

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this document was served on counsel for the State in this cause of action by delivery of same to said counsel by certified mail, hand-delivery, e-service and/or facsimile transmission on or before March 12, 2015.

 */s/ Wm. Randell Johnson*
Wm. Randell Johnson